UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EMORY CONOVER, *as executor of the estate of* JUDY A. CONOVER and EMORY CONOVER, Individually, <br><br>      Plaintiffs, <br> vs. <br><br>VONS STORES, INC., *aka* VONS, INC., *dba* VONS; and DOES 1 through 10, inclusive; and ROES CORPORATIONS 1 through 10 inclusive, <br><br>      Defendants. | Case No.: 2:11-cv-01806-GMN-VCF <br><br>**ORDER** |

  Pending before the Court is the Motion to Dismiss (ECF No. 4) filed by Defendant Vons Companies, Inc. ("Defendant"). Plaintiff Emory Conover ("Plaintiff") filed a Response (ECF NO. 7) and Defendant filed a Reply (ECF No. 8). Plaintiff's Complaint recites claims for negligence, negligent infliction of emotional distress, defamation, wrongful death, and survival actions arising from the death of Judy A. Conover. Because Plaintiff's Complaint fails to provide adequate facts to state a plausible claim, the Court grants the Defendant's Motion to Dismiss.

**I. BACKGROUND**

  Plaintiff Emory Conover filed this action against his wife's former employer. Plaintiff asserts claims both in his individual capacity, and in his capacity as executor of his wife's estate. Specifically, Plaintiff alleges that the actions of one of Defendant's employees caused his wife's death.

  The facts alleged in the complaint are tragic but somewhat scant. At the time of her death, Mrs. Conover was employed by Defendant. (Compl. ¶ 5, ECF No. 1-1.) The complaint alleges

that on September 23, 2009, Mrs. Conover's manager, Dean Wilhite, "while acting in the course and scope as an employee of Vons," "verbally berated" Mrs. Conover, "yelled at her," "made false and defamatory statements," and "accused her of things that were not true in front of other employees and customers." (*Id.* at ¶¶ 6, 21.)  At some point afterward, and as an apparent result of this treatment, Mrs. Conover went into cardiac arrest and died shortly thereafter. (*Id.* at  ¶ 7.)

Plaintiff, Mrs. Conover's husband, brought this suit against his wife's former employer on November 11, 2011.  The suit was originally filed in state court, but Defendants removed the action to this Court.  Mr. Conover asserts six causes of action: (1) negligence, (2) negligent infliction of emotional distress, (3) intentional infliction of emotional distress, (4) defamation, (5) wrongful death, and (6) survival actions. Subsequently, Defendants filed this 12(b)(6) Motion on November 16, 2011.  Because the Court finds the alleged facts insufficient to make out a plausible claim, the Court GRANTS Defendant's Motion.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action

with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible.[1] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III.   DISCUSSION

In diversity actions, such as this, federal courts apply the substantive law of the state in which it sits. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1983). Thus, the Court applies Nevada substantive law to Plaintiff's claims.

### A.   Plaintiff's Claims for Negligence and Negligent Infliction of Emotional Distress fail because the Nevada Industrial Insurance Act provides the exclusive remedy for employees that are injured in the course of their employment.

The Nevada Industrial Insurance Act ("NIIA") sets out Nevada's workers' compensation system. NRS 606-618. As such, the NIIA provides the exclusive remedies for employee injuries that "aris[e] out of and in the course of the employment." NRS 616A.02; *see also Wood v. Safeway, Inc.*, 121 P.3d 1026, 1032 (Nev. 2005). Anytime an injury falls within the scope of the NIIA, the exclusive remedy provisions result in the employers receiving immunity from civil suit. *See Wood*, 121 P.3d at 1032.

---

[1] Discussing the legal standard for a motion to dismiss under FRCP 12(b)(6) in the Opposition, Plaintiff's counsel erroneously cites to Nevada Law, and old Supreme Court precedent since abrogated by *Twombly*. The reliance on this non-controlling law is misplaced.

In *Wood*, the Nevada Supreme Court expressly stated that the NIIA applies to those injuries that meet each of two elements: (1) the injury arose out of the employment; and (2) the injury occurred within the course of that employment. 121 P.3d at 1032.  This first element is met whenever "there is a causal connection between the employee's injury and the nature of the work or workplace." *Id.*  Additionally, injuries that result from co-worker assault "arise out of the employment" whenever the victim's sole contact with the assailant was through work, rather than the assault resulting from the assailant's private, personal motivations. *Id.*  The second element is satisfied when the injury occurred "at work, during working hours, and while the employee [was] reasonably performing his or her duties." *Id.*

Here, based on the Complaint, Mrs. Conover's injuries arose out of her employment and, thus, both her negligence claims are barred by the NIIA.  First, Mr. Wilhite was Mrs. Conover's supervisor. (Compl. ¶ 6, ECF No. 1-1.)  As such, it is not unexpected that Mr. Wilhite would occasionally correct or reprimand his employee, Mrs. Conover.  Accordingly, "there is a causal connection between the employee's injury and the nature of the . . . workplace." *See Wood*, 121 P.3d at 1032.  Moreover, Plaintiff has failed to allege any facts that suggest that Mrs. Conover had any contact with Mr. Wilhite outside of work or that the verbal altercation resulted from Mr. Wilhite's private, personal motivations of Mr. Wilhite. To the contrary, Plaintiff specifically alleges that Mr. Wilhite was, in fact, "acting in the course and scope as an employee of Vons." (Compl. ¶ 6, ECF No. 1-1.)  Second, Mrs. Conover's tragic death was within the course of her employment because the verbal altercation took place while she was at work and there are no other contrary facts alleged in the complaint.

Accordingly, Mrs. Conover's injuries are covered by the NIIA and Defendants are immune from any civil action, unless the action is based on an employer's intentional wrongdoing. Plaintiff's exclusive remedy lies within the administrative processes of the NIIA. For this reason, dismissal of Plaintiff's claims that rely on negligence, Plaintiff's first and second

cause of actions, are dismissed with prejudice.

### B.   Intentional Infliction of Emotional Distress

Plaintiff's complaint lacks sufficient facts to satisfy the elements of intentional infliction of emotional distress.  Under Nevada law, Plaintiff must plead sufficient facts showing "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) the plaintiffs having suffered severe or extreme emotional distress; and (3) actual or proximate causation." *Barmettler v. Reno Air, Inc.*, 956 P .2d 1382, 1386 (Nev. 1998) (quoting *Star v. Rabello*, 625 P.2d 90, 91-92 (Nev. 1981)).  Conduct is "extreme and outrageous" only if it is "outside all possible bounds of decency" and "utterly intolerable in a civilized community."  *See Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998). Although, the determination of extreme and outrageous conduct is generally a question of fact, courts have held that screaming at, yelling at, criticizing, and threatening an employee with termination is not extreme and outrageous conduct on the part of an employer. *See Schneider v. TRW, Inc.*, 938 F.2d 986, 992-93 (9th Cir. 1990). Conversely, courts have found an employer's abusive language to be extreme and outrageous conduct only when the language involved racially charged insults. *See e.g., Alcorn v. Anbro Engineering, Inc.*, 2 Cal.3d 493, 498-99, n. 6 (1970).

Here, Plaintiff merely alleges that "Defendant's conduct of publicly berating [Mrs. Conover] and accusing her of activities that were not true, was conduct that was extreme and outrageous with the intention of, or reckless disregard for causing emotional distress to [Mrs. Conover]." (Compl. ¶17, ECF No. 1-1.)  The complaint simply lacks adequate factual allegations that detail the content of the yelling.  Specifically, the complaint fails to allege that the content of the yelling was racially charged or how it was uniquely abusive such that the conduct rose to the level of extreme and outrageous.  As in *Schneider*, criticizing an employee in the manner alleged does not rise to the level of extreme and outrageous conduct. *See Schneider*, 938 F.2d at 992-93.

Because Plaintiff has failed to plead sufficient facts to show the plausible existence of this first element, Plaintiff's intentional infliction of emotional distress claim fails.  Thus, Defendant's Motion to Dismiss is granted without prejudice as to the third cause of action in the complaint; however, Plaintiff is given leave to amend this claim to allege additional facts sufficient to support the claim that this conduct was extreme and outrageous.

### C. Defamation

Similarly, the facts of the complaint are insufficient to present a plausible defamation claim.  Under Nevada law, "[t]he general elements of a defamation claim require a plaintiff to prove: '(1) a false and defamatory statement by a defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence, and (4) actual or presumed damages.'" *Pegasus v. Reno Newspapers. Inc.*, 57 P.3d 82, 90 (Nev. 2002) (citation omitted).

The complaint merely contains a bare recitation of the elements of defamation.  Plaintiff simply alleges that Mr. Wilhite "made false and defamatory statements concerning [Mrs. Conover], that those statements "were heard by other employees and customers," and that Mrs. Conover sustained damages as a result. (Compl. ¶¶ 21-24, ECF No. 1-1.)  The complaint fails to explain or detail what Mr. Wilhite said, or in what way the statements were defamatory.  After *Iqbal*, the formulaic recitation of elements provided fails to meet the pleading standard, and dismissal is proper.  Therefore, Plaintiff's defamation claim is dismissed without prejudice, and Plaintiff is given leave to amend this fourth cause of action if he can allege additional facts sufficient to support the claim.

### D. Wrongful Death

Wrongful death actions in Nevada are purely creatures of statute. *See* NRS 41.085.  Under Nevada's wrongful death statute, a wrongful death claim must be based on some negligence or other wrongful act that causes the death of the decedent. *See id.*  Similarly, the NIIA provides the

exclusive remedy for wrongful death claims based on employer negligence. *See Lipps v. Southern Nevada Paving*, 998 P.2d 1183, 1186 (Nev. 2000). However, the NIIA does not apply to injuries arising from intentional torts committed by an employer. *See Fanders v. Riverside Resort & Casino, Inc.*, 245 P.3d 1159, 1163 (Nev. 2010). Thus, the NIIA may not bar a party's wrongful death claim, if that claim resulted from an actionable intentional tort.

Here, Plaintiff fails to specify whether the wrongful death claim relies on Defendant's alleged negligent conduct or Defendant's intentional conduct. Regardless, Plaintiff's claim fails. However, it is important to note that if the wrongful death claim is based on Defendant's alleged negligent conduct, the wrongful death claim is barred; the NIIA provides Plaintiff's exclusive remedy. On the other hand, if Plaintiff's wrongful death claim relies upon Defendant's alleged intentional conduct, the claim is tied to the survival of Plaintiff's intentional infliction of emotional distress claim. Thus, the failure of Plaintiff's intentional infliction of emotional distress claim, as discussed in Section III.B above, results in this fifth cause of action for wrongful death also being dismissed without prejudice. To the extent that Plaintiff can plead adequate facts curing the intentional infliction of emotional distress claim, the Court also grants Plaintiff leave to amend this claim. Otherwise, the only remedy for Plaintiff's wrongful death claim is to seek relief under the processes outlined in the NIIA.

### E.     Survival Actions

Plaintiff's final claim is entitled "Survival Actions." Such a claim is not recognized by Nevada law. In fact, in Defendant's Motion to Dismiss, Defendant notes that "survival actions" is a term used in Nevada Revised Statute 41.100 that permits Plaintiff to pursue any valid cause of action on behalf of his deceased wife. In Plaintiff's Reply (ECF No. 8), Plaintiff concedes this point. Thus, Plaintiff's sixth cause of action, the claim for survival actions is dismissed with prejudice.

/ / /

## IV.	CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **GRANTED**. Because Plaintiff's recourse for the first and second causes of action appears to lie in the administrative remedies under the NIIA, Plaintiff's Negligence and Negligent Infliction of Emotional Distress Causes of Action are **DISMISSED with prejudice**. Plaintiff's third, fourth, and fifth causes of action for Intentional Infliction of Emotional Distress, Defamation and Wrongful Death are **DISMISSED without prejudice**, with leave to amend if Plaintiff can allege additional facts sufficient to support these claims. Plaintiff's sixth cause of action for Survival Actions is **DISMISSED with prejudice**.

DATED this 25th day of September, 2012.

_____
Gloria M. Navarro
United States District Judge